*Hawkins v. N.Y. State Office of Mental Health*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> GARY R. BROWN,*
> *District Judge*.

_____

Marva Hawkins,

> *Plaintiff-Appellant*,

> v.                                                                  19-3364

New York State Office of Mental Health, Rockland Psychiatric Center, TeNeathia Wesolowski,

> *Defendants-Appellees.*†

_____

---

\* Judge Gary R. Brown, of the United States District Court for the Eastern District of New York, sitting by designation.

† The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

**FOR PLAINTIFF-APPELLANT:** MARVA HAWKINS, pro se, Tomkins Cove, NY.

**FOR DEFENDANTS-APPELLEES:** LINDA FANG, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu., Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson Román *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Marva Hawkins, proceeding pro se, appeals from an order of the district court (Román *J.*) granting summary judgment to her former employer, the New York State Office of Mental Health ("OMH"), and others, on her claims of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* Hawkins alleged that her work performance was heavily

2

criticized and that she was terminated in 2016 in retaliation for filing several discrimination complaints against her supervisors. The district court, however, found that the defendants proffered a legitimate, non-retaliatory reason for her termination and that Hawkins failed to establish that this reason was pretextual. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

To establish a prima facie claim of retaliation under Title VII, a plaintiff must show "(1) participation in a protected activity; (2) that [the employer] knew of [the plaintiff's] participation in that protected activity; (3) that [she] suffered an adverse employment action; and (4) that there exists a causal relationship between the

3

protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). If the plaintiff makes out a prima facie case of retaliation, the burden shifts to the defendant to articulate "a legitimate, non-discriminatory reason for its actions." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). "If the employer [presents such a reason], the burden then shifts back to the plaintiff to show that the employer's explanation is pretext for . . . retaliation." *Id.* To this end, the plaintiff must show "that the adverse action would not have occurred in the absence of the retaliatory motive." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013). NYSHRL retaliation claims are governed by the same standard. *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1177 (2d Cir. 1996).

Based on the record before it, the district court properly granted summary judgment to the defendants. Hawkins's first discrimination complaint was filed on October 28, 2015. Even if we assume that Hawkins established a prima facie retaliation claim, the defendants offered a legitimate, non-retaliatory reason for firing her. The evidence shows that Hawkins's performance began deteriorating in May 2015 and that she had been insubordinate to both her direct supervisor, Marisol Nunez-Rodriguez, and others. In June 2015, Nunez-Rodriguez verbally

4

counseled Hawkins due to her inappropriate responses to staff from other agencies and poor quality of work. Throughout September and October 2015, Hawkins's performance and insubordination issues continued, and she grew increasingly hostile in email exchanges with her supervisors. TeNeathia Wesolowski, Nunez-Rodriguez's supervisor and director of OMH's Office of Diversity Management, expressed concern about Hawkins's work as early as September 2015 and began the process of placing Hawkins on a performance improvement plan ("PIP") in October 2015. In short, before Hawkins filed her complaint, her supervisors deemed her performance to be substandard, which is a legitimate reason for termination.

Hawkins nevertheless contends that the defendants' proffered reasons for firing her are pretextual in light of the facts that she was (1) formally counseled after emailing OMH Commissioner Anne Sullivan about her allegation of retaliation, and (2) fired less than a month after filing another complaint in June 2016. But mere temporal proximity between a complaint and the alleged retaliatory act is insufficient to establish pretext at the summary judgment stage. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010). Further, as

discussed above, by the time Hawkins emailed Commissioner Sullivan, Wesolowski had already decided to formally counsel Hawkins and place her on a PIP. Under these circumstances, the district court did not err in concluding that Hawkins failed to show that retaliation was the "but-for" cause of the action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *see also Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) (explaining that "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise"); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) (reasoning that "proceeding along lines previously contemplated . . . is no evidence whatever of causality").

We have considered all of Hawkins's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court